IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL C. FRENCH, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Cause No. 3:11-cv-12 | |
| § | | |
| SCOTTISH RE GROUP, LTD., § | | |
| SCOTTISH RE (U.S.) INC., AND § | | |
| SCOTTISH RE LIFE CORPORATION, § | | |
| § | | |
| Defendants. § | | |

**SCOTTISH RE GROUP, LTD., SCOTTISH RE (U.S.) INC.,
AND SCOTTISH RE LIFE CORPORATION'S NOTICE OF REMOVAL**

Scottish Re Group, Ltd., Scottish Re (U.S.) Inc., and Scottish Re Life Corporation (collectively, the "Scottish Re Defendants") hereby remove to this Court the state court action described below pursuant 28 U.S.C. §§ 1332 & 1441(a)-(b) because there is complete diversity among the parties, and the amount in controversy exceeds $75,000.

**The State Court Action**

1. On December 1, 2010, Michael C. French filed Plaintiff's Original Petition styled *Michael C. French v. Scottish Re Group, Ltd., Scottish Re (U.S.) Inc., and Scottish Re Life Corporation*, Cause No. 10-15399, in the B-44th Judicial District Court of Dallas County, Texas (the "State Court Action"). Scottish Re (U.S.) Inc. and Scottish Re Life Corporation were served with citation and a copy of the petition through their registered agent on December 3, 2010. *See* Citations, Ex. A. Scottish Re Group, Ltd. waived served of process on December 22, 2010 under Texas Rule of Civil Procedure 119. *See* Ex. B. Therefore, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

2. A copy of the Petition that was received by the Scottish Re Defendants is attached as Exhibit C.

3. Other than the filing of the Petition, which included a demand for a jury, and the waiver of service of process described above, no other activity has occurred in the State Court Action.

4. The Scottish Re Defendants will promptly file a Notice of Removal with the clerk of the state court where the action was pending.  *See* Ex. D.

## Jurisdiction and Venue

5. This Court has jurisdiction over this lawsuit under 28 U.S.C. § 1332 because complete diversity exists between Plaintiff and the Scottish Re Defendants, and the amount in controversy exceeds $75,000.

6. Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the place where the removed State Court Action was pending.

## Plaintiff and Defendants are Diverse

7. Removal is proper because there is complete diversity of citizenship between Plaintiff and the Scottish Re Defendants, and the amount in controversy exceeds $75,000.  28 U.S.C. §§ 1332(a) & 1441(b).

8. As Plaintiff alleges in his petition, plaintiff resides in Texas, and, upon information and belief, is, therefore, domiciled in Texas with the intent to remain permanently or indefinitely.  *See* Ex. C at ¶ 2.  Accordingly, plaintiff is a citizen of Texas for the purpose of diversity jurisdiction.

9. As Plaintiff admits in his petition, Scottish Re Group, Ltd. is a foreign corporation organized under the laws of the Cayman Islands, and both Scottish Re (U.S.) and Scottish Re

Life Corporation are both Delaware companies. *See* Ex. C at ¶¶ 3, 4. Moreover, none of the Scottish Re Defendants maintains their principal place of business in Texas. Therefore, none of the Scottish Re Defendants are citizens of Texas for the purpose of diversity jurisdiction. *See* 28 U.S.C. 1332(c)(1).

**The amount in controversy exceeds $75,000**

10.  Plaintiff seeks indemnification in connection with a complaint filed against him by the Securities and Exchange Commission in the United States District Court for the Southern District of New York. Ex. C. at ¶ 14. As of December 2, 2010, Plaintiff has requested indemnification in the amount of $212,058.29 for "attorney's fees and expenses that I have actually and reasonably incurred between the dates of September 1, 2010 and November 30, 2010." Ex. E at ¶ 2. Therefore, the amount in controversy exceeds $75,000.

11.  Because the defendants are diverse from Plaintiff and because the amount in controversy exceeds $75,000, jurisdiction is proper under 28 U.S.C. §§ 1332(a), 1441(b).

**Conclusion**

The Scottish Re Defendants respectfully request that this Court exercise jurisdiction over this action to the exclusion of further proceedings in the state court from which this action was removed.

       Respectfully submitted,

       **DEWEY & LEBOEUF LLP**

       By: /s/ Chris Lacy
       Chris Lacy
       Texas Bar No. 24046258
       1000 Main Street, Suite 2550
       Houston, Texas  77002
       (713) 287-2026
       (713) 445-2126 - Fax

       ATTORNEY-IN-CHARGE FOR
       SCOTTISH RE GROUP, LTD., SCOTTISH RE
       (U.S.) INC., AND SCOTTISH RE LIFE
       CORPORATION

## CERTIFICATE OF SERVICE

A copy of the foregoing motion was served on all counsel of record, as shown below, on January 3, 2011 by notice of electronic filing and by mail.

Bobby M. Rubarts
Danny Ashby
K&L Gates LLP
1717 Main Street, Suite 2800
Dallas, Texas 75201
*Attorneys for Plaintiff*

/s/ Chris Lacy
_____
Chris Lacy